42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FOREST CONSERVATION COUNCIL; Idaho Sportsmen Coalition;
Idaho Wildlife Federation; Howard Buettgenbach,
Plaintiffs-Appellants,
v.
Mike ESPY, Secretary of Agriculture; Ronald H. Brown,
Secretary of Commerce; U.S. Forest Service;
National Marine Fisheries Service,
Defendants-Appellees,
and
Boise Cascade Corporation; Mountain States Legal
Foundation, a nonprofit Colorado corporation on
behalf of its members,
Defendants-Intervenors-Appellees.
 No. 94-35110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 25, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Forest Conservation Council and others challenge the United States Forest Service decision to reconstruct, pave and partially relocate the South Fork Salmon River Road (SFSR Road). The district court dismissed the action on summary judgment. Forest Conservation Council v. Espy, 835 F.Supp. 1202 (D.Idaho 1993). We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 This dispute focuses on the impact of the SFSR Road project on Snake River spring/summer chinook salmon and Snake River fall chinook salmon. After thorough consideration, the Forest Service, the National Marine Fisheries Service and the district court approved the project because it was expected to improve chinook salmon habitat. The road project has now been substantially completed. We see no reason to second-guess these determinations.
 
 A. Standard of Review
 
 4
 We review de novo the district court's conclusion that the Forest Service complied with National Environmental Policy Act (NEPA), 42 U.S.C. Sec. 4321, et seq. Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992). In reviewing the adequacy of an environmental impact statement (EIS) we apply a rule of reason to decide if it contains a "reasonably thorough discussion of the significant aspects of the probable environmental consequences." California v. Block, 690 F.2d 753, 761 (9th Cir.1982) (quoting Trout Unlimited, Inc. v. Morton, 509 F.2d 1276, 1283 (9th Cir.1974)). Review of an agency's decision not to prepare a supplemental EIS is governed by the arbitrary and capricious standard. Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 375-76 (1989).
 
 B. Adequacy of Final EIS
 
 5
 The final EIS was not only adequate, but well-tailored to the goals of reducing long-term sediment delivery to the river and maintaining year-round motorized access. The Forest Service reasonably considered the significant direct, indirect and cumulative impacts of the SFSR Road project. See 40 C.F.R. Secs. 1508.25(c), 1508.8, 1508.7. It rationally determined that among the seven options considered, the preferred alternative would provide the second lowest risk of toxic spills, the most improvement in fish passage, an intermediate amount of access and the greatest reduction in sediment delivery.[1]
 
 
 6
 The Regional Forester's administrative decision does not show that the final EIS was inadequate in discussing the cumulative impacts of sediment. He ordered a biological evaluation of sedimentary impacts to address heightened requirements arising from the Forest Service classification of chinook salmon as sensitive under chapter 2670 of the Forest Service Manual, not to address concerns about the adequacy of the final EIS under NEPA. And additional analysis of timber sales was unnecessary because the Forest Service has delayed such sales until monitoring shows a sustained beneficial change in spawning habitat. See Thomas v. Peterson, 753 F.2d 754, 758-59 (9th Cir.1985) (requiring analysis of road and road-induced timber sales when the two are interdependent).
 
 C. Supplementation of Final EIS
 
 7
 The 1992 listing of the salmon as threatened under the Endangered Species Act (ESA), 16 U.S.C. Sec. 1531, et seq., did not warrant a supplemental EIS under 40 C.F.R. Sec. 1502.9(c)(1)(ii). Rather, it required the consultation and evaluation process that the Forest Service and the Fisheries Service conducted. See 16 U.S.C. Sec. 1536; Thomas, 753 F.2d at 763 (summarizing steps needed to comply with ESA).
 
 
 8
 The ESA listings and biological reports relied on by the Forest Conservation Council also did not require a supplemental EIS under 40 C.F.R. Sec. 1502.9(c)(1)(ii). The reports did not demonstrate a significant change between the condition of Snake River chinook salmon in 1990 when the Forest Service completed the final EIS, and in 1993 when the Fisheries Service issued its biological opinion authorizing construction.[2] After taking a hard look, the Forest Service reasonably concluded that the "existing documents adequately disclose[d] the environmental consequences on the chinook salmon and its habitat." See Marsh, 490 U.S. at 374 (supplemental EIS needed when new information shows the project will affect the environment in a significant manner not already considered). The Forest Service was not required to circulate its supplemental information report for public comment. See 40 C.F.R. Sec. 1502.9(c)(1) (imposing substantive but not procedural standards for deciding whether to prepare a supplemental EIS).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the administrative record was sufficient to permit the district court to review the final EIS it properly excluded extra-record material and prohibited discovery. See Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-38 (9th Cir.1988), corrected, 867 F.2d 1244 (9th Cir.1989)
 
 
 [2]
 The Fisheries Service required the Forest Service to implement several mitigation measures that had been more broadly discussed in the SFSR Road project final EIS. These measures were not "substantial changes in the proposed action ... relevant to environmental concerns" such that a supplemental EIS was required under 40 C.F.R. Sec. 1502.9(c)(1)(i)